IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

------------------------------- x
CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated, :

        Plaintiff,

vs.

ZTO EXPRESS (CAYMAN) INC., MEISONG LAI, JIANFA LAI, JILEI WANG, XIANGLIANG HU, BAIXI LAN, XING LIU, FRANK ZHEN WEI, JIANMIN (JAMES) GUO, MORGAN STANLEY & CO. INTERNATIONAL PLC, GOLDMAN SACHS (ASIA) L.L.C., CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, AND J.P. MORGAN SECURITIES LLC,

        Defendants.
------------------------------- x

No. 17-cv-_____ (  )

Removed from:

Circuit Court of Jefferson County, Alabama

State Court
Index No. 01-CV-2017-902004.00

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant ZTO Express (Cayman) Inc. ("ZTO") by and through its undersigned counsel, files this Notice of Removal to remove this putative class action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama

pursuant to 28 U.S.C. § 1441 and the removal provision of the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 77p(c).  The grounds for removal are as follows:

**I.      INTRODUCTION**

1. On or about May 16, 2017, City of Birmingham Retirement and Relief System ("Plaintiff") filed a putative class action complaint (the "Complaint")—which alleges only violations of the Securities Act of 1933, 15 U.S.C. § 77a, et. seq. (the "Securities Act")—in the Circuit Court of Jefferson County, Alabama, Index No. 01-CV-2017-902004.00, under the caption <u>City of Birmingham Retirement and Relief System v. ZTO Express (Cayman) Inc., et al.</u> (the "State Court Action").[1]  ZTO has not entered an appearance in the State Court Action, filed any motion in that action, nor answered, moved or otherwise responded to the Complaint.

2. ZTO now removes the State Court Action to this Court (i) under 28 U.S.C. § 1441 because this Court has original federal question jurisdiction under 28 U.S.C. § 1331; and (ii) under Section 16(c) of the Securities Act, as amended by SLUSA, 15 U.S.C. § 77p(c), because Plaintiff seeks damages on behalf of more

---

[1]   A true and correct copy of the summons and complaint is attached hereto as Exhibit A.

than 50 people in connection with a security traded nationally and listed on a regulated national exchange and thus this is a "covered class action" under SLUSA.

3. Any motion for remand should be denied or, at the very least, stayed pending the Supreme Court's resolution of <u>Cyan, Inc. v. Beaver County Employees Retirement Fund</u>, No. 15-1439, which is to be argued in the upcoming term. Some federal courts—though not the 11th Circuit—have paradoxically held that Section 16(c) allows only class actions asserting state law claims, not federal law claims, to be removed to federal court. On June 27, 2017, the Supreme Court granted the certiorari petition in <u>Cyan</u> on the question of "[w]hether state courts lack subject matter jurisdiction over covered class actions that allege only [Securities] Act claims." Petition for Writ of Certiorari, <u>Cyan, Inc. v. Beaver County Employees Retirement Fund</u>, No. 15-1439, 2016 WL 3040512, at *1 (U.S. May 24, 2016); *see also* Order List dated June 27, 2017, United States Supreme Court, attached hereto as Exhibit B, at *2 (granting petition). Because the <u>Cyan</u> decision will be dispositive of any motion to remand here, ruling on such a motion before the Supreme Court rules would be premature.

## II. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331 BECAUSE THIS CASE INVOLVES QUESTIONS OF FEDERAL SECURITIES LAW

4. The State Court Action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because it includes claims arising under the laws of the

United States. Specifically, the Complaint purports to assert claims against Defendants for violations of Sections 11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. § 77a, et. seq. Plaintiff alleges that the Registration Statement and Prospectus issued in connection with ZTO's offering of American Depositary Shares ("ADSs") on the New York Stock Exchange on or around October 27, 2016, contained statements that were "materially untrue and misleading and omitted material information." (Ex. A, Compl. ¶ 39.) These federal law claims are the only claims asserted in the Complaint.

5. Because the State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441(a), which provides, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

**III. ZTO HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of the date on which ZTO received, through service or otherwise,

a copy of the initial pleading.  Plaintiff attempted service on ZTO on May 31, 2017.[2]  Accordingly, this Notice of Removal is timely.

7. All Defendants who have been properly joined and served as of the date of filing of this Notice of Removal consent to removal of the State Court Action.  (See Consent to Removal, filed concurrently herewith and attached hereto as Exhibit C.)

8. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit D, except for the Complaint, which is attached separately hereto as Exhibit A.

9. The Northern District of Alabama is the district in which the Circuit Court of Jefferson County, Alabama (where the State Court Action is pending) is located.

10. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, ZTO will give written notice to all adverse parties and will file a copy of this Notice of Removal with the Circuit Court of Jefferson County, Alabama.

---

[2] ZTO does not concede that service is valid, but, in any event, the earliest date when service could have been made on ZTO was May 31, 2017, when Plaintiff first attempted to serve ZTO by express mail.  As of the date of filing this Notice of Removal, Plaintiff has not filed any proof of service of the summons and complaint on the individual Defendants in this action.

11.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

12.     Accordingly, the State Court Action is removable to this Court under 28 U.S.C. § 1441 and 15 U.S.C. §§ 77p(c), 77v.

## IV.     SLUSA AUTHORIZES—NOT PREVENTS—REMOVAL HERE

13.     Congress enacted SLUSA to "prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the [Private Securities Litigation Reform Act ("PSLRA")]," and "sought to accomplish that goal by creating 'national standards for securities class action lawsuits involving nationally traded securities.'"  Brief for U.S. as Amicus Curiae, Cyan, 2017 WL 2333893, at *1 (U.S. May 23, 2017) (quoting SLUSA § 2(5), 112 Stat. 3227 and Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 82 (2006)).  As Congress recognized that class action plaintiffs might attempt to circumvent the national standards established by the PSLRA by filing securities class actions in state court, "SLUSA therefore amended the [Securities] Act to permit removal of such actions to federal court."  Id. at *3.  Congress's clear legislative intent was to "ensure that federal courts, not state courts, were the fora for litigation of class security fraud claims."  Unschuld v. Tri-S Sec. Corp., No. 1:06-CV-02931-JEC, 2007 WL 2729011, at *8 (N.D. Ga. Sept. 14, 2007).

6

14.     While Section 22(a) of the Securities Act contains a provision that limits the removal of certain Securities Act cases otherwise removable under 28 U.S.C. § 1441(a), SLUSA amended Section 22(a) to permit removal of actions "as provided in [Section 16] of this title with respect to covered class actions." 15 U.S.C. §77v(a). Section 16(c) of the Securities Act in turn provides that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending . . . ." 15 U.S.C. § 77p(c); see also Dabit, 547 U.S. at 83 n.7 ("[Section 16(c)] of the statute makes all 'covered class actions' filed in state court removable to federal court." (citation omitted)). "A 'covered class action' is a lawsuit where damages are sought on behalf of more than 50 people." Dabit, 547 U.S. at 83; 15 U.S.C. § 77p(f)(2). "A 'covered security' is one traded nationally and listed on a regulated national exchange." Dabit, 547 U.S. at 83; 15 U.S.C. § 77r(b)(1), 77p(f)(3).

15.     Here, the State Court Action is a "covered class action . . . involving a covered security." The State Court Action is a covered class action because Plaintiff seeks to recover damages on a representative basis on behalf of itself and others similarly situated, and the Complaint alleges that "there are thousands of members in the proposed Class." (Ex. A, Compl. ¶43.) The securities at issue here are covered securities within the meaning of SLUSA because they are "traded on

the New York Stock Exchange." (Id. ¶ 10.) The State Court Action thus satisfies the requirement of Section 16(c) and is removable.

16.  In addition to the removal provisions, SLUSA also revised Section 22(a) of the Securities Act to limit state courts' concurrent jurisdiction over federal Securities Act claims by adding that state courts have concurrent jurisdiction over such claims "except as provided in [Section 16] with respect to covered class actions." 15 U.S.C. § 77v(a).  This further confirms that Congress understood and intended Section 16 to apply to claims under the federal Securities Act filed in state courts.  Indeed, if Section 16 is interpreted to apply only to state law claims, SLUSA's revision of Section 22(a) would have had no purpose and would be rendered "mere surplusage," as it could not have altered state courts' concurrent jurisdiction over federal Securities Act claims as it purports to do. Northumberland Cty. Ret. Sys. v. GMX Res., Inc., 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011); see also Unschuld, 2007 WL 2729011, at *7 ("The Court agrees that defendants' construction [that Section 16 applies to federal law claims as well] is one that would give effect to all the terms of § 77v.").

17.  Thus, the proper interpretation of Section 16(c), as amended by SLUSA, is that it allows removal of federal law claims as long as they are asserted in a "covered class action brought in any State court involving a covered security" and allege the type of misconduct described in Section 16(b). See 15 U.S.C. §

77p(b)–(c). This interpretation is consistent with SLUSA's legislative intent and gives effect to all of SLUSA's provisions, and has been adopted by, among others, the United States in its recent amicus brief to the Supreme Court in Cyan. See Brief for U.S. as Amicus Curiae, Cyan, 2017 WL 2333893, at *14 ("[Section 16(c)] is best understood to permit removal of 'any covered class action brought in any State court involving a covered security' and alleging the type of misconduct that is described in Section 77p(b)."). This interpretation also accords with the weight of recent district court authority. See, e.g., Hung v. iDreamSky Tech. Ltd., 15-CV-2514/2944/3484/3794 (JPO), 2016 WL 299034, at *4 (S.D.N.Y. Jan. 25, 2016) (denying motion to remand Securities Act claims); In re Fannie Mae 2008 Sec. Litig., No. 08-cv-7831 (PAC), 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) (same); Knox v. Agria Corp., 613 F. Supp. 2d 419 (S.D.N.Y. 2009) (same); Rubin v. Pixelplus Co., Ltd., No. 06-CV-2964 (ERK), 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) (same).

18. Nevertheless, despite SLUSA's plain language and Congress' unambiguous intent, some district courts have adopted a contrary interpretation of Section 16(c), holding that it allows only covered class actions asserting state law claims—but, paradoxically, not federal law claims—to be removed to federal

court.³  Although the 11th Circuit has not ruled on this issue, some district courts within this Circuit, including Judge Blackburn of this District, have taken this view.  See, e.g., City of Birmingham Ret. & Relief Sys. v. MetLife, Inc., No. 2:12-cv-2626-HGD, 2013 WL 5526621 (N.D. Ala. Aug. 23, 2013) (Davis, Mag.) ("MetLife I"); City of Birmingham Retirement & Relief Sys. v. MetLife Inc., No. 2:12-cv-2626-SLB, 2015 WL 4385277 (N.D. Ala. Mar. 31, 2015) (adopting Magistrate Davis's decision in MetLife I) (Blackburn, J.) ("MetLife II").⁴

---

³   See Brief for U.S. as Amicus Curiae, Cyan, Inc. v. Beaver County Employees Retirement Fund, No. 15-1439, 2017 WL 2333893, at *17 (U.S. May 23, 2017) (collecting cases and noting the "substantial confusion in the lower courts about whether state courts have jurisdiction over covered class actions that allege only 1933 Act claims. . . . [S]ome federal district courts, including a number of courts in New York, have ruled that [SLUSA] divests state courts of jurisdiction over covered class actions brought to enforce the 1933 Act.  Other district courts, including a number of courts in California, have reached the opposite conclusion"); Hung v. iDreamSky Tech. Ltd., 15-CV-2514/2944/3484/3794 (JPO), 2016 WL 299034, at *2 (S.D.N.Y. Jan. 25, 2016) ("While the construction of [Section 16] has split federal district courts, this Court concurs with those agreeing with the Defendants.") (holding that SLUSA allows covered class actions asserting only Securities Act claims to be removed).

⁴   See also Unschuld v. Tri-S Sec. Corp., Civil Action No. 1:06-CV-02931-JEC, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007); Steamfitters Local 449 Pension & Ret. Sec. Funds v. Quality Distrib., Inc., 8:04-cv-961-T-26MAP, 2004 WL 6246913 (M.D. Fla. June 25, 2004); Martin v. BellSouth Corp., No. 1:03-cv-728-WBH, 2003 WL 26476752 (N.D. Ga. July 2, 2003).  Most of these cases relied in part on the 11th Circuit's dicta in Riley v. Merrill Lynch, where the 11th Circuit, in affirming the district court's decision denying a motion to remand a covered class action asserting state law claims, noted that, one requirement that the removing party must show under Section 16(c) is that plaintiffs' claims are based on state law.  292 F.3d 1334, 1342 (11th Cir. 2002).

*(cont'd)*

19.     But even district courts in this Circuit that have remanded covered class actions asserting Securities Act claims have done so reluctantly, acknowledging that such a result is illogical and contrary to SLUSA's legislative intent.  See, e.g., Williams v. AFC Enters., Inc., No. CIVA 103-CV-2490-TWT, 2003 WL 24100302, at *3-4 (N.D. Ga. Nov. 20, 2003) (granting motion to remand but certifying the decision for interlocutory appeal because "[g]iven the intent of SLUSA, it just makes no sense to prohibit the removal of federal securities class actions to federal court.  Such a prohibition would permit the sort of end run around the PSLRA that the Securities Litigation Uniform Standards Act attempted to stop.  It is inconceivable to me that the drafters of the Act intended such an outcome."); Unschuld, 2007 WL 2729011, at *8 ("The premise of [SLUSA] is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court.")).

20.     ZTO respectfully submits that the interpretation of Section 16(c) adopted in these cases, which allows removal only of state law but not federal law claims, should not be adopted here because it creates a bizarre and illogical result directly contrary to Congress' express intent in enacting SLUSA, and renders a

---

*(cont'd from previous page)*
However, as Riley involved only state law claims, its holding does not control the issue presently before this Court, which involves removal of a case asserting only federal law claims.

separate provision of SLUSA, 15 U.S.C. § 77v, entirely superfluous.[5]

## V. A MOTION TO REMAND SHOULD BE DENIED OR, AT THE VERY LEAST, STAYED PENDING THE SUPREME COURT'S DECISION IN *CYAN*

21. Any motion to remand this action back to state court should be denied for the reasons set forth above, or alternatively, stayed pending the Supreme Court's resolution of Cyan, which would be dispositive of any remand motion here.

22. District courts have broad discretion to stay proceedings, including decision on motions to remand. Spencer v. Coventry Health & Life Ins. Co., No. 07-0847-WS-M., 2008 WL 719211, at *1 (S.D. Ala. Mar. 14, 2008) (citing Clinton

---

[5] Magistrate Davis' and Judge Blackburn's opinions in the MetLife decisions did not address the implications of SLUSA's revision of Section 22(a) in construing Section 16. Those decisions also rely on dicta in Kircher v. Putnam Funds Trust, 547 U.S. 633, 643 (2006), that "removal and jurisdiction to deal with removed cases is limited to those [cases] precluded by the terms of [Section 16(b)]." See MetLife I, 2013 WL 5526621, at *7; MetLife II, 2015 WL 4385277, at *3. However, Kircher is clear that the limitations imposed by Section 16(b) hinge on the type of misconduct alleged (i.e., "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or "(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security"), and do not provide that only state law claims can be removed. See Kircher, 547 U.S. at 638 n.1 (quoting 15 U.S.C. § 77p(b)); id. at 643 ("[W]e read authorization for the removal in subsection (c) . . . as confined to cases 'set forth in subsection (b),' § 77p(c), namely, those with claims of untruth, manipulation, and so on. . . . [T]he language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception."); see also Brief for U.S. as Amicus Curiae, Cyan, 2017 WL 2333893, at *15-16. Kircher thus does not foreclose the view that Section 16 allows removal of Securities Act claims that allege the type of misconduct described in Section 16(b).

v. Jones, 520 U.S. 681, 706 (1997)).  In deciding whether to stay, courts frequently consider "(1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will [simplify] the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  Cablz, Inc. v. Croakies, Inc., No. 2:14-CV-0126-SLB, 2015 WL 12811285, at *1 (N.D. Ala. Mar 23, 2015) (alteration in original) (citation omitted).  Each of these factors favors a stay of any remand motion here pending the Supreme Court's resolution of Cyan.

23.    In Cyan, like here, plaintiffs brought a putative class action in state court asserting claims under the federal Securities Act.  In moving for judgment on the pleadings for lack of subject matter jurisdiction, defendants in Cyan argued that, under SLUSA, 15 U.S.C. § 77v(a), state courts no longer have concurrent jurisdiction over covered class actions advancing Securities Act claims.  The lower court denied defendants' motion and after being affirmed on appeal, defendants petitioned the Supreme Court for writ of certiorari, presenting the question "which has split federal district courts in removal cases and thus sidelined federal appeals courts," namely: "Whether state courts lack subject matter jurisdiction over covered class actions that allege only [Securities] Act claims."  Petition for Writ of Certiorari, Cyan, 2016 WL 3040512, at *1.  The Supreme Court's decision on this question would resolve any motion to remand here.

24.     Remanding this action before the Supreme Court decides <u>Cyan</u> could deprive putative plaintiff class members and ZTO of "the substantive and procedural safeguards" provided by the PSLRA, such as the notice and certification requirements and the lead-plaintiff appointment process. <u>See</u> Brief for U.S. as Amicus Curiae, <u>Cyan</u>, 2017 WL 2333893, at *6 ("Properly construed, Section [16(c)] authorizes removal of [Securities] Act suits like this one, and it provides appropriate protection against the use of state-court lawsuits to circumvent the PSLRA's substantive and procedural safeguards."). Further, such deprivation would be irreparable as the decision to remand is "not reviewable" on appeal, and thus cannot be revisited even if the Supreme Court later grants the writ of certiorari and decides the issue in favor of removal to federal court. <u>See</u> <u>Williams</u>, 389 F.3d at 1191. Additionally, a Supreme Court decision would finally resolve the remand issue and vastly simplify the question before this Court. <u>See</u> Brief for U.S. as Amicus Curiae, <u>Cyan</u>, 2017 WL 2333893. Lastly, the present case is in a preliminary stage—no Defendant has made any motion or appearance in state court, no discovery has occurred and no trial date has been set—so Plaintiff is not unfairly prejudiced by a stay of the decision on remand.

25.     Accordingly, were this Court in doubt regarding whether to retain this case, ZTO respectfully submits that the Court should await the Supreme Court's resolution of <u>Cyan</u> before ruling on any remand motion. <u>See</u> <u>Spencer</u>, 2008 WL

719211, at *1 (staying decision on motion to remand pending 11th Circuit's decision on the underlying legal issue on interlocutory appeal because when "it is apparent that a controlling ruling is forthcoming within the next few months[,] . . . it would be a poor use of judicial resources for this Court to delve into this intricate area of the law . . . .").

26.     Additionally, if further questions arise about either the propriety of removal or the need for a stay of the decision on remand, ZTO requests the opportunity to submit a brief and present oral argument in support of its position. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, ZTO submits that this action is now properly removed from the Circuit Court of Jefferson County, Alabama and is properly before this District Court, and that all further actions should take place before this Court.[6]

---

[6] By filing this Notice of Removal, ZTO does not waive any defenses that may be available to it (including without limitation any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the summons or complaint state a valid claim under any applicable law.  ZTO reserves the right to (i) submit a motion to dismiss at the appropriate time; (ii) submit evidence and affidavits to support the foregoing bases for federal jurisdiction at an appropriate time, should that become necessary; and (iii) supplement or amend this Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by the Plaintiff in the State Court Action.

Dated:  June 28, 2017

      /s/ A. Inge Selden, III
A. Inge Selden, III
Joshua D. Jones
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place North
Suite 1500
Birmingham, AL 35203
(205) 820-8210
(205) 719-0500
ISelden@bressler.com
JDJones@bressler.com

*Attorneys for ZTO Express (Cayman) Inc.*

Of Counsel:

Scott D. Musoff (*pro hac vice* forthcoming)
Robert A. Fumerton (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036-6518
Phone: (212) 735-3000
Fax: (212) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com