# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF BIRMINGHAM RETIREMENT & RELIEF SYSTEM, et al.,** } } } | |
| Plaintiffs, } } | Case No.: 2:17-CV-1091-RDP |
| v. } } | |
| **ZTO EXPRESS (CAYMAN), INC., et al.,** } } | |
| Defendants. } | |

## ORDER

  This is a putative securities class action on behalf of persons who purchased or otherwise acquired the common stock of Defendant ZTO Express (Cayman) Inc. ("ZTO") pursuant and/or traceable to the Company's public offering of approximately $1.4 billion of American Depository Shares ("ADSs") of ZTO. Plaintiff seeks strict liability and negligence remedies under the Securities Act of 1933 (the "1933 Act"). (Doc. # 1-1 at 4). The claims asserted arise under §§11, 12(a)(2) and 15 of the 1933 Act. 15 U.S.C. §§77k, 77l(a)(2) and 77o. That is, Plaintiff's claims arise under federal securities law.

  Defendants removed the case, and Plaintiffs have moved to remand it back to state court. The issue is whether the Securities Litigation Uniform Standards Act of Act of 1998 ("SLUSA") grants federal courts exclusive jurisdiction over covered class actions that allege only claims under the 1933 Act. District courts across the nation are sharply divided on this issue. The majority of district courts in the Second, Third, Fourth, Fifth, and Tenth circuits have held that SLUSA grants federal courts exclusive jurisdiction over 1933 Act cases and have denied remand motions after defendants have removed these cases to federal court. However, most of the district courts in the First, Seventh, Ninth, and Eleventh circuits have remanded the cases back to state

court. Even among the lower courts in some of these circuits, the district court rulings are inconsistent. Brief of Amici Curiae Law Professors in Support of Petitioners, *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 2016 WL 3538388 (U.S.), 4 *cert. granted.* 137 S. Ct. 2325 (2017). Federal appellate courts have not addressed this issue because the district court decisions have all been made on motions to remand cases removed from state court, and federal law generally prohibits appellate court review of remand orders. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .").

On June 27, 2017, the United States Supreme Court granted a petition for a writ of certiorari on the following issue: Whether state courts lack subject matter jurisdiction over covered class actions that allege only 1933 Act claims. *Cyan, Inc. v. Beaver Cty. Employees Ret. Fund*, 137 S. Ct. 2325 (2017).

The Supreme Court's decision on this issue may be dispositive of Plaintiff's Motion to Remand which challenges this court's jurisdiction to hear this 1933 Act case. In their Joint Opposition to Plaintiff's Motion to Remand, Defendants make the alternative request that this court stay this case pending the Supreme Court's decision in *Cyan*. "[T]o await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good reason" to stay a case, "if not an excellent one." *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

The court agrees that it is prudent to await the Supreme Court's guidance. For this reason, Defendants' request for a stay is **GRANTED**. This case is **STAYED** pending the Supreme Court's decision in *Cyan*. The other pending motions – the Motion to Remand (Doc. # 15) and the Defendants' Joint Motion to Transfer Venue (Doc. # 21) -- are denied without prejudice and

may be re-filed (and, if re-filed, will relate back to the date of their original filing) depending upon the answers provided by the Supreme Court in *Cyan*.

      **DONE** and **ORDERED** this August 28, 2017.

                                                    **R. DAVID PROCTOR**
                                                    UNITED STATES DISTRICT JUDGE